UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:07-CV-51-R

WILLIAM WINBURN &
YVONNE WINBURN,
PLAINTIFFS

v.

METROPOLITAN DIRECT PROPERTY
AND CASUALTY INSURANCE CO.,                                         DEFENDANT

## OPINION & ORDER

This matter comes before the Court on the Plaintiffs William Winburn's and Yvonne Winburn's ("Plaintiffs") Motion to Remand (Docket #5). The Defendant, Metropolitan Direct Property and Casualty Insurance Company ("Metropolitan") has responded to that motion (Docket #12) and the Plaintiffs have filed an affidavit in reply to the Defendant's response (Docket #13). In addition, the Defendant has filed a sur-reply in response to the Plaintiff's affidavit (Docket #16). This matter is now ripe for adjudication. For the following reasons, the Plaintiffs' Motion to Remand is **GRANTED**.

## PROCEDURAL HISTORY

The Plaintiffs initially filed their complaint in the Circuit Court of Jefferson County, Kentucky, on January 2, 2007. The Plaintiffs alleged that the Defendant acted in bad faith in denying their benefits and that the Defendant did not abide by the Kentucky Unfair Claims Settlement Practices Act, in relation to injuries they incurred on December 12, 2004, due to an automobile accident. The Defendant timely removed the matter to this Court on January 31, 2007, based on diversity jurisdiction pursuant to 28 U.S.C. §1332. The Plaintiffs filed this motion to remand on February 8, 2007, and submitted an affidavit asserting that each of their

claims will not exceed $75,000. The Defendant contends that the Plaintiffs' recoveries could each exceed $75,000 because of punitive damages, attorneys' fees and other compensatory damages.

## STANDARD

"Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a). A federal district court has original 'diversity' jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). A defendant removing a case has the burden of proving the diversity jurisdiction requirements. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921)." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Federal jurisdiction in a diversity case is determined at the time of removal. *Rogers*, 230 F.3d at 871. "[A] post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not *require* remand to state court." *Id.* at 872 (emphasis added). Generally, ambiguities on removal are strictly construed against federal jurisdiction when doubt exists as to jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

## DISCUSSION

The Defendant has cited *Egan v. Premier Scales & System* in support of its argument against remanding this case to the state court. *Egan v. Premier Scales & Systems*, 237 F.Supp.2d 774, 776-78 (W.D. Ky. 2002). In *Egan*, the United States District Court for the Western District of Kentucky, in an opinion by Chief Judge John Heyburn, addressed a similar issue of whether a plaintiff, through a motion to remand, could stipulate a claim less than the federal jurisdictional

2

amount after the case had been removed to federal court. *Egan* at 776.  In recognizing that the Sixth Circuit Court of Appeals case of *Rogers v. Wal-Mart Stores, Inc.* precluded the plaintiff from reducing or changing his/her demand by stipulation for the purpose of avoiding federal jurisdiction, the Court distinguished *Rogers* by holding that the plaintiff could *clarify* the amount in controversy if the plaintiff provides specific information about the amount in controversy for the first time. *Id.* at 777-78; *Rogers* at 872.  The Court in *Egan* also noted that generally, ambiguities on removal are strictly construed against federal jurisdiction when doubt exists as to jurisdiction. *Egan* at 778.

The Defendant also cites two (2) previous cases decided by this Court that addressed a similar issue as the instant matter. *See Sparks v. Wal-Mart Stores, Inc.*, 2007 WL 101850 (W.D.Ky. 2007); *Shofner v. Mid-American Harborside Healthcare*, 2007 WL 433118 (W.D.Ky. 2007).  In both of those matters, the plaintiffs filed affidavits clarifying that the amount in controversy that they sought would not exceed $75,000. *Sparks* at *1; *Shofner* at *1.  Similar to the instant case, the defendants in those matter removed the case to federal court based on a "speculation" that the amount in controversy would exceed $75,000 in order to satisfy the requirements of 28 U.S.C. § 1332. *Id.*  The Court in those matters determined that it could consider the affidavit by the plaintiffs in reaching a decision on whether to remand the cases to state court. *Id.* (citing *Fenger v. Idexx Laboratories, Inc.*, 194 F. Supp.2d 601, 602-04 (E.D. Ky. 2002); *see also Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989)).  The Court ultimately remanded those matters to state court. *Id.*

Here, similar to *Sparks* and *Shofner*, the Plaintiffs are not attempting to change or reduce

3

the amount in controversy set forth in the initial complaint filed in Jefferson Circuit Court, but through their affidavit they have clarified the amount in controversy.  In abiding by Supreme Court and Sixth Circuit precedent that requires courts to resolve ambiguities concerning federal jurisdiction in favor of the state courts, the Court finds that the Defendant has not met its burden of establishing diversity jurisdiction in this matter.  Accordingly, the amount in controversy in this case does not exceed $75,000.00 for each Plaintiff.

## CONCLUSION

**IT IS SO ORDERED:**

The Plaintiff's Motion to Remand (Docket #5) is **GRANTED**.  The case shall be **REMANDED** to the Jefferson Circuit Court, in Jefferson County, Kentucky, for all further proceedings in accordance with this opinion and order.